ORDERED.

**Dated: October 21, 2026**

Luis E. Rivera II
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

In re:
ALTAGRACIA RAYMOND,
Debtor.
_______________________________________/

Case No. 2:26-bk-02676-FMR

Chapter 13

**INTERIM ORDER GRANTING RELIEF FROM PRIOR IN REM ORDER, ENFORCING STAY, CANCELING OCTOBER 22, 2026 FORECLOSURE SALE, AND CONTINUING HEARING (DOC. NO. 10)**

THIS CASE came before the Court for an emergency preliminary hearing conducted by Zoom on October 21, 2026, at 3:00 p.m., on the Debtor's Emergency Motion to Stay and Enforce the Automatic Stay and Confirm Its Application to the October 22, 2026 Foreclosure Sale (Doc. No. 10) (the "Motion"). The Court heard the presentation of Debtor's counsel and considered the Motion and the record.

The Court also considered the Order Granting Motion for Relief From the Automatic Stay and Co-Debtor Stay and Seeking Two Year Bar Pursuant to 11 U.S.C. Section 362(d)(4)(B), entered June 13, 2025, in In re Robert Gene Raymond, Case No. 2:25-bk-00395-FMD (Doc. No. 34) (the "Prior In Rem Order"), which affects the real property described below.

For purposes of temporary relief only, the Court finds that the Debtor and the estate would suffer immediate and irreparable harm if the scheduled foreclosure sale proceeds; that the Debtor filed a complete petition and schedules, a Chapter 13 plan, paid the filing fee, and filed a motion for mortgage modification mediation; and that the Debtor is represented by different competent counsel. These circumstances establish a prima facie showing of good cause for interim relief from the Prior In Rem Order, without prejudice to a secured creditors' rights at the continued hearing.

Accordingly, it is **ORDERED:**

1. The Motion (Doc. No. 10) is GRANTED ON AN INTERIM BASIS, effective as of October 21, 2026, pending the continued preliminary hearing and further order of this Court.
2. Pursuant to 11 U.S.C. Sections 362(b)(20) and 362(d)(4), and based on the Debtor's prima facie showing of changed circumstances or other good cause, INTERIM RELIEF IS GRANTED from the prospective in rem effect of the June 13, 2025, Prior In Rem Order (Doc. No. 34) entered in Case No. 2:25-bk-00395-FMD, solely with respect to the Debtor's present Chapter 13 case and the real property at 3427 Ceitus Parkway, Cape Coral, Florida 33991 (the "Property"), legally described as follows:

   **LOTS 17, 18, 19, AND 20, BLOCK 5327, UNIT 58, CAPE CORAL SUBDIVISION, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK 23, PAGES 128 THROUGH 147, INCLUSIVE, OF THE PUBLIC RECORDS OF LEE COUNTY, FLORIDA.**

3. For the interim period beginning October 21, 2026, and continuing until further order of this Court, the automatic stay under 11 U.S.C. Section 362(a) applies to the Property

notwithstanding the prospective in rem relief granted by the Prior In Rem Order. The Prior In Rem Order is not vacated in its entirety and remains otherwise undisturbed.

4. The foreclosure sale scheduled for October 22, 2026, at 9:00 a.m. Eastern Time, in Deutsche Bank Trust Company Americas v. Patricia R. Munoz, et al., Lee County Circuit Court Case No. 07-CA-012381, concerning the Property, IS CANCELED. Pending further order, the foreclosing secured creditor and those acting for it shall not conduct a foreclosure sale of the Property or take other acts to enforce its lien against the Property in contravention of this interim stay.

5. The foreclosure plaintiff, through its counsel or authorized agent, shall immediately take the steps necessary to cause cancellation of the October 22, 2026 sale and provide prompt notice of this Order to the Lee County Clerk's foreclosure sales office and the foreclosure auction administrator. Debtor's counsel shall also promptly transmit this Order to foreclosure counsel and the Clerk's foreclosure sales office by the fastest reasonably available means.

6. A CONTINUED PRELIMINARY HEARING on the Motion and the request for relief from the Prior In Rem Order is scheduled for Tuesday, December 1, 2026, at 3:00 p.m. Eastern Time, before the undersigned Judge, with appearance arrangements as separately directed by the Court.

7. At the continued hearing, the Debtor shall demonstrate that mortgage modification mediation (MMM) has either been completed or that substantial, documented progress has been made, including opening the applicable MMM portal and submitting to the mortgage lender or servicer through that portal the documents and information requested for review. The Debtor shall be prepared to provide evidence of the portal opening, submissions, and current mediation status.

8. This interim relief and the Court's prima facie findings are WITHOUT PREJUDICE to any secured creditor's right to appear, contest the continuation of relief, seek modification of the interim stay, present evidence and argument, or request other appropriate relief at or before the continued hearing on proper notice. Nothing in this Order adjudicates the validity, priority, or amount of a lien, confirms the Chapter 13 plan, grants permanent relief from the Prior In Rem Order, or otherwise determines the ultimate merits of the Motion.

###

Attorney Jose A. Blanco is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this Order.

Submitted by: Jose A. Blanco, Esq., Jose A. Blanco, P.A.
102 E. 49th Street, Hialeah, FL 33013 | Tel. (305) 349-3463 | Fax (786) 567-5057 | jose@blancopa.com