UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re: Case No. 2:26-bk-02676-FMR

Alta Gracia Raymond, Chapter 13

Debtors.
______________________________/

**UNITED STATES TRUSTEE MOTION TO DISMISS WITH PREJUDICE**

Guy A. Van Baalen, Acting United States Trustee for Region 21 (the "United States Trustee"), through undersigned counsel, moves this Court for the entry of an order of dismissal of the above case with a four-year bar to refiling a bankruptcy petition. In support of this motion, the United States Trustee states that the debtor is serial bankruptcy filer and is abusing the bankruptcy process; she has filed seven petitions since 2016, her husband and daughter have filed an additional six petitions in the same time period. In further support of this motion, the United States Trustee states as follows:

1. The Debtor filed six (6) prior Chapter 13 bankruptcy cases in the Middle District of Florida since 2016[1].

2. On October 10, 2007, Deutsche Bank Trust Company Americas. ("Deutsche") filed its foreclosure action in the County Court for the Twentieth Judicial Circuit, in and for Lee County, Florida, Civil Division Case No. 07-CA-012381. On August 28, 2014, Deutsche received a Final Judgment in the amount of $1,119,377.77 for the real property located at 3427

[1] Patricia R. Munoz, Signor of Note and Mortgage with Deutsche, had filed two Chapter 13 cases prior to this Debtor's initial filing in 2016, including, Case No. 2:10-bk-26636 filed on November 2, 2010, and dismissed February 8, 2011, for failure to attend §341 Creditor Meeting and Case No. 2:11-bk-10937 on June 7, 2011, which was dismissed September 12, 2011, for failure to file information.

Ceitus Pkwy, Cape Coral, FL (the "Property"). An amended Final Judgment was entered on January 11, 2016; this set a foreclosure sale for March 4, 2016.

***Debtor's history of filing bankruptcy petitions***

3. On March 3, 2016, the Debtor filed her first Chapter 13 case, case no. 16-bk-13097 in the Southern District of Florida, Ft. Lauderdale Division. The case was then transferred to Middle District of Florida, Ft. Myers Division on September 16, 2016, case no. 16-bk-09445. An order dismissing this case was entered on November 17, 2016, due to the debtor not curing deficient filing (First Case Doc. 26).

4. Less than 2 months after dismissal of her first case, the Debtor filed her second bankruptcy case on December 12, 2016, at Case No. 8:16-bk-10538. An order denying confirmation and dismissing this case was entered on March 15, 2018 (Second Case Doc. 59).

5. During the administration of the Debtor's second case, the Debtor was granted relief to pursue an appeal of the foreclosure judgment. More than three years later, on February 5, 2020, the 2nd District Court of Appeals[2], Case No. 2D16-0566, affirmed State Court Judgment. The Debtor then filed a filed a Notice of Discretional Jurisdiction to Supreme Court, Case No. SC20-325, on March 5, 2020, which was dismissed on March 6, 2020.

6. On September 15, 2020, an order rescheduling the foreclosure sale for October 19, 2020, was entered.

7. On October 9, 2020, the Debtor filed her third bankruptcy petition under chapter 13 of the Code, case No. 2:20-bk-07603. An order confirming the third amended plan was

[2] This was the second appeal filed by debtor in the 2nd District Court of Appeals, Case No. 2D2014-5187 was filed November 7, 2014, and dismissed December 18, 2014.

entered on August 26, 2021; however, the Debtor later filed a Notice of Voluntary Dismissal, and the order dismissing case was entered on entered on December 13, 2021.

8. On December 7, 2021, Deutsche filed a motion to reschedule the foreclosure sale in the State Court action. The order resetting sale for February 4, 2022, was entered.

9. On February 1, 2022, the Debtor filed her fourth bankruptcy petition under chapter 13 of the Code, case No. 2:22-bk-00092.

a. Deutsche filed an objection to confirmation on March 15, 2022, stating that the debtor's proposed adequate protection payment was insufficient, and the **minimum** payment would have to be at least $1,999.89 (an amount equal to the contractual escrow payment[3]).
b. On April 14, 2022, the Debtor filed an amended plan which proposed monthly payments of $1,180.00 for months 1-3, $2,298 months 4-60, sought a MMM and proposed adequate protection payments of $1,999.89.
c. However, the Debtor later filed a Notice of Voluntary Dismissal, and the order dismissing case was entered on entered on September 29, 2022.

10. On May 1, 2023, Deutsche filed a motion to reschedule the foreclosure sale in the State Court action; which foreclosure sale was reset for June 7, 2023.

11. On June 5, 2023, the Debtor filed her fifth bankruptcy petition under chapter 13 of the Code, case No. 2:23-bk-00644.

a. On March 29, 2024, PHH Mortgage Corporation, as servicer for Deutsche,[4] filed a motion for relief from stay and *in-rem* relief for two years. A hearing on this motion was set for July 25, 2024.
b. On May 30, 2024, the Debtor filed a Notice of Voluntary Dismissal, and the order dismissing case was entered on entered on June 4, 2024.

---

[3] Pursuant to Deutsche's filed secured claim 5-1 on February 5, 2022, the total claim was in the amount of $1,672,374.64, of which $1,130,291.58 in arrears was due from July 1, 2007, and the total monthly payment (principal, interest and escrow was $6,503.20).

[4] Deutsche filed secured claim 6-1 on July 21, 2023, asserting a claim in the amount of $1,772,193.67, of which $1,249,190.12 represented arrears due from July 1, 2007, and total monthly payments at $7,350.20 comprised of P&I and escrow.

12. On June 13, 2024, Deutsche filed a motion to reset foreclosure sale in State Court action. An order scheduling sale for July 25, 2024, was entered.

13. On July 24, 2024, the Debtor filed her sixth bankruptcy petition under chapter 13 of the Code, case No. 2:24-bk-01088. On August 12, 2024, the U.S. Trustee filed a motion to dismiss case with prejudice and asking for a two-year bar for re-filing of a bankruptcy case (Sixth Case Doc. 14). On September 23, 2024, an order dismissing case with a two-year bar (until September 12, 2026) was entered (Sixth Case Doc. 20)[5].

14. The Debtor's sixth case was pending for less than sixty days; Deutsche Bank had not yet filed a Proof of Claim before it was dismissed. In the Debtor's Fifth case, the secured claim stood at $1,772,193.67, of which $1,249,190.12 represented arrears due from **July 1, 2007**, and total monthly payments at $7,350.20 comprised of P&I and escrow.

***Petitions filed by the Debtor's family members***

15. After the Debtor was barred from filing another petition for two years, the Debtor enlisted the aid of her husband and daughter to avoid any future foreclosure sale.

16. Deutsche Bank rescheduled the foreclosure sale for November 14, 2024.

17. The Debtor's husband, Robert Raymond[6], and daughter, Altagracia Kiki Cannon[7], have filed six (6) bankruptcy petitions since November 13, 2024, each petition served to stay a pending foreclosure.

---

[5] The Order Dismissing the Debtor's case contained a provision allowing the Debtor to seek relief from the two-year bar order if she demonstrated that she had hired counsel that would file a full petition, and chapter 13 Plan.

[6] Mr. Raymond filed three bankruptcy cases after the Debtor's case was dismissed with a two-year bar.

[7] Ms. Cannon has filed three bankruptcy cases.

18. Mr. Raymond filed a total of four bankruptcy cases.[8] Mr. Raymond's second case was filed on November 13, 2024, at Case No. 2:24-bk-1738, less than two months after the Debtor was barred from filing another petition; his filing served to stay the foreclosure sale set for November 14, 2026. His second case was dismissed on January 10, 2025, for failure to file required information.

19. Mr. Raymond's third case was filed on March 8, 2025, at Case No. 2:25-bk-395. The filing served to stay the foreclosure sale set for March 20, 2025.

20. Mr. Raymond's third case was dismissed on July 24, 2025, for failure to file required information and pay the Court's filing fees.

21. Mr. Raymond's fourth case was filed on August 6, 2025, at Case No. 2:25-bk-1507. The filing served to stay the foreclosure sale set for the same date.

22. In his fourth case, the Court granted its own OSC (Raymond fourth case Doc. 12) and imposed a one-year bar from refiling through September 25, 2026 (Raymond fourth case Doc. 33).

23. On August 18, 2025, while under the bar order entered in the Debtor's sixth case, the Debtor executed and recorded a warranty deed to add her daughter, Altagracia Kiki Cannon, to the Property. Ms. Cannon then filed three bankruptcy cases.

24. Ms. Cannon's first case was filed on November 19, 2025, at Case No. 2:25-bk-2301, which filing served to stay the foreclosure sale set for November 20, 2025.

25. Ms. Cannon's first case was dismissed on December 27, 2025, for failing to file required documents and pay the filing fee.

[8] His first case was a chapter 7 petition filed in 2017 for which he received discharge on June 6, 2019.

26. Ms. Cannon's second case was filed on February 11, 2026, at Case No. 2:26-bk-324 which served to stay the foreclosure sale set for February 12, 2026. Ms. Cannon's second case was dismissed on May 16, 2026, for failure to comply with court order or to appear at 341 meeting.

27. Deutsche sought and obtained an order determining that no stay regarding the Property existed as of April 18, 2026. On April 27, 2026, in the State Court action, Deutsche secured an amended order scheduling sale for August 13, 2026.

28. Ms. Cannon filed her third case on August 12, 2026, at Case No. 2:26-bk-1988, which served to stay the foreclosure sale set for August 13, 2026.

29. On August 17, 2026, the Court entered an Order to Show Cause Why Case Should Not be Dismissed with Prejudice and Confirming No Stay in Effect (Cannon Third Case Doc. 9). The OSC was granted on September 10, 2026, and imposed a two-year bar against refiling through September 10, 2028 (Cannon Third Case Doc. 21).

***State Court Status of Foreclosure***

30. On August 13, 2026, thirty (30) days before her two-year injunction expired, the Debtor filed a motion to authorize the filing of future bankruptcy case before September 12, 2026 (Sixth Case Doc. 24). This court entered an order granting the motion on August 17, 2026 (Sixth Case Doc. No. 27).

31. On September 14, 2026, while the Debtor, Mr. Raymond and Ms. Cannon were each subject to a bar against refiling, Deutsche filed a motion to reset foreclosure sale in State Court action. An order scheduling the sale for October 22, 2026, was entered.

32. On October 20, 2026, the Debtor, her two-year bar having expired, commenced the present case, her seventh case since 2016, with the filing of a bankruptcy petition under chapter 13 of the Code (Doc. 1).

33. Schedules I/J discloses combined net monthly income of $5,295.67, of which $2,400 is from family/friend contributions, and expenses of $2,161.00, resulting in a net income of $3,134.67, an amount that is insufficient to cover ongoing mortgage payments as well as the proposed plan payments of $3,108.00.

34. The Debtor filed seven Chapter 13 cases; each one solely to frustrate the efforts of the mortgage holder and filed without an intent or ability to propose a feasible plan. Clearly, her filings, and the use of her spouse and daughter to file cases while she was barred from doing so, have been to benefit from the imposition of the automatic stay to retain possession of the Property for as long as possible.

35. In the sixteen years since filing the first Chapter 13 case in 2010 by Patricia Munoz, the obligor under the mortgage, the Debtor has abused the imposition of the automatic stay and severely prejudiced creditors. In that same time period, the arrears on the mortgage have grown from approximately $263,788.13 to over $1,249,190.12.

36. In some of her prior cases, the Debtor filed schedules with the Court which clearly demonstrated that the net disposable income was insufficient to fund the proposed plan payments and proposed unreasonably small adequate protection payments to delay dismissal of those cases. The current mortgage payment on the Property exceeds $7,000 per month.

37. The Debtor has established a pattern of filing bankruptcy petitions and commencing cases only to have them dismissed. This behavior constitutes an abuse of the

bankruptcy process and warrants the dismissal of this case with prejudice. Further, the filings by family members when the Debtor was barred from filing is another indication of abuse of the process. The Debtor should be prohibited from filing another bankruptcy case for a period of four years or for such time as this Court deems appropriate.

WHEREFORE, the United States Trustee respectfully prays that this Honorable Court grant this motion, enter an order dismissing this case with prejudice and prohibiting the debtor from filing another bankruptcy case for a period of four years, and for such further relief as this Court deems appropriate.

Date: November 4, 2026

Respectfully Submitted,

GUY A. VAN BAALEN
ACTING UNITED STATES TRUSTEE
REGION 21

By: /s/ Teresa M. Dorr
Florida Bar 48037
Trial Attorney
U.S. Department of Justice
Office of the U.S. Trustee, Region 21
501 E. Polk Street, Suite 1200
Tampa, FL 33602
(813) 228-2000 / fax: (813) 228-2303

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 4, 2026, I have caused a true and correct copy of the foregoing to be served through CM/ECF on parties having appeared electronically in the instant matter. Service was also provided, via first-class U.S. mail, postage prepaid, upon the following:

Alta Gracia Raymond
3427 Ceitus Pkwy
Cape Coral, FL 33991

Altagracia Kiki Cannon
3427 Ceitus Pkwy
Cape Coral, FL 33991

Robert Gene Raymond
3427 Ceitus Pkwy
Cape Coral, FL 33991

/s/ Teresa M. Dorr
Trial Attorney, United States Trustee for Region 21